IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRELL LOPER, | § | |
| | § | No. 424, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1809005786 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 11, 2020
Decided: June 1, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     In October 2018, a Superior Court grand jury indicted the appellant, Tyrell Loper, on charges of heroin drug dealing, aggravated possession of heroin, cocaine drug dealing, aggravated possession of cocaine, and possession of drug paraphernalia. Prior to trial, the State dismissed the aggravated possession of cocaine charge. On March 12, 2019, Loper waived his right to a jury trial and his case proceeded to a bench trial in the Superior Court.

(2)     The testimony at trial established the following.  On September 10, 2018, Officer Ann Clark, Officer Molly McNulty, and Detective Justin Wilkers of the Wilmington Police Department responded to 812 North Adams Street to assist in executing a search warrant for Loper and his apartment.  Officers Clark and McNulty took Loper into custody, searched him, and recovered a set of keys, $341.00 cash in various denominations, and fifty-two bundles of suspected heroin—many of which had the notation "HBO" on them—from his person.

(3)     After Loper waived his *Miranda* rights and advised Detective Wilkers that he used the rear bedroom of the two-bedroom apartment, the police searched the apartment.  The police found a bag containing approximately five grams of suspected crack cocaine, a digital scale, and green plastic wrap in the apartment's common areas.  In the rear bedroom, the police discovered a plastic bag containing numerous documents, including a birth certificate and court documents, bearing Loper's name.  Detective Wilkers also searched a porch adjacent to—and accessible from—Loper's bedroom and found approximately 1,100 bags of suspected heroin wrapped in green plastic.  The vast majority of these bags were stamped with the notation "HBO."

(4)     The Division of Forensic Science tested the substances and concluded that they included crack cocaine weighing 4.616 grams and 1,154 bags containing a mixture of heroin and Fentanyl with an estimated total weight of 11.09 grams.  New

Castle County Police Department Detective Trevor Riccobon opined that Loper was dealing the drugs based upon their quantities, the amount and denominations of the case found on him, and the drug paraphernalia found in the apartment.

(5) At the conclusion of the trial, the Superior Court found Loper guilty of heroin drug dealing, cocaine drug dealing, and possession of drug paraphernalia. The Superior Court acquitted Loper of the aggravated possession of heroin charge.[1] Following a presentence investigation, the Superior Court sentenced Loper as follows: for heroin drug dealing, to twenty years of Level V incarceration, suspended after three years for decreasing levels of supervision; for cocaine drug dealing, to five years of Level V incarceration, suspended after one year for eighteen months of Level III probation; and for possession of drug paraphernalia, a $50.00 fine. This appeal followed.

(6) Loper's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Loper's attorney informed Loper of the provisions of Rule 26(c) and provided Loper with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Loper of his right to supplement his attorney's presentation, which he did. Loper argues that

---

[1] Prior to acquitting Loper of the aggravated possession of heroin charge, the Superior Court noted that a heroin drug dealing conviction and an aggravated possession of heroin conviction would merge for sentencing purposes.

3

(i) the search violated his Fourth Amendment rights and (ii) he received ineffective assistance of counsel in connection with this appeal. The State has responded to Loper's arguments, as well as the position taken by Loper's counsel, and has moved to affirm the Superior Court's judgment.

(7)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(8)     Loper first challenges the validity of the search. Specifically, Loper contends that (i) the affidavit in support of the search warrant application was not supported by probable cause because it contained information obtained from a confidential informant and (ii) the search impermissibly exceeded the scope of the warrant because the police searched his backyard, an area that was not within Loper's immediate physical reach at the time of his arrest. Because Loper did not file a motion to suppress in the Superior Court as required by Superior Court Criminal Rule 12(b), the court did not hold a suppression hearing or make any ruling regarding the constitutionality of the search. This Court has held that in the absence

---

[2] *Penson v. Ohio*, 488 U.S. 75, 80-83 (1988); *McCoy v. Ct. App. Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson*, 488 U.S. at 82.

of a motion to suppress and a pretrial suppression hearing, there is not an adequate record upon which to review the suppression claim.[4] Accordingly, Loper's failure to challenge the validity of the search below "limits the scope of our review to plain error."[5] Plain errors are "material defects" that are apparent on the face of the record and that "are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[6] There is no plain error here.

(9) An affidavit in support of a search warrant need only "set forth facts adequate for a judicial officer to form a reasonable belief that an offense has been committed and the property to be seized will be found in a particular place."[7] Here, the affidavit for the search warrant set forth information obtained from three confidential informants and corroborating police surveillance—this information was sufficient to support a reasonable belief that Loper was engaged in drug dealing at

---

[4] *Jones v. State*, 2005 WL 2473789, at *1 (Del. Aug. 22, 2005).
[5] *Id.*
[6] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[7] *LeGrande v. State*, 947 A.2d 1103, 1107 (Del. 2008) (citation and internal quotation marks omitted).

812 North Adams Street.[8] The search also did not exceed the scope of the warrant, which specifically included the curtilage of the apartment.

(10) Loper's conclusory claim that his appellate counsel is ineffective also fails. The entirety of Loper's argument states, "I [would] like to argue ineffective assistance of appellate counsel."[9] To the extent that this claim is based on appellate counsel's filing of a motion to withdraw and non-merit brief under Rule 26(c), these filings, without more, do not render appellate counsel's representation ineffective.[10]

(11) The Court has reviewed the record carefully and has concluded that Loper's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Loper's counsel has made a conscientious effort to examine the record and the law and has properly determined that Loper could not raise a meritorious claim in this appeal.

---

[8] *State v. Holden*, 60 A.3d 1110, 1115-16 (Del. 2013) (finding that a tip from one confidential informant can support a finding of probable cause if the totality of the circumstances bolsters the tip's reliability). *Compare State v. Spady*, 2018 WL 4896335 (Del. Super. Oct. 8, 2018) (granting a motion to suppress where the search warrant was based upon one confidential informant's tip and was not corroborated by police surveillance).

[9] Appellant's Opening Br., Ex. B.

[10] *See* Supr. Ct. R. 26(c) (authorizing an attorney, who concludes that an appeal is wholly without merit after a conscientious examination of the record and the law, to file a motion to withdraw and non-merit brief); *Tucker v. State*, 2017 WL 5127673, at *3 (Del. Nov. 3, 2017) (rejecting a claim that attorneys appointed to represent the defendant in postconviction proceedings and on appeal were ineffective for moving to withdraw and failing to assist the defendant in arguing his claims).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice